IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

MATTIE TWYNETTE LOMAX, SR.,
Plaintiff-Appellant

v.

UNITED STATES,
Defendant-Appellee

2022-2138

Appeal from the United States Court of Federal Claims in
No. 22-770, Judge David A. Tapp.

## DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

Pursuant to Rules 2 and 27 of the Federal Rules of Appellate Procedure and the Federal Circuit Rules, defendant-appellee, the United States, respectfully requests that the Court summarily affirm the July 2022 decision of the Court of Federal Claims. The trial court dismissed the complaint filed by plaintiff-appellant, Mattie Twynette Lomax, Sr., for lack of subject-matter jurisdiction, and certified that any appeal would not be taken in good faith. *See* Order, *Lomax v. United*

*States*, Fed. Cl. No. 22-770, ECF No. 8 (July 26, 2022) (Dismissal Order).

Summary affirmance is appropriate because the appeal is wholly without merit.

We have conferred with Ms. Lomax regarding her position on this motion, and she responded, in relevant part, as follows: "I welcome your motion for summary affirmation and need to respond to your motion because I have evidence this case was never resolved and it was in the wrong court for lack of jurisdiction. So please send it on so I can respond."

## BACKGROUND

On July 14, 2022, Ms. Lomax filed a complaint in the Court of Federal Claims. Compl., *Lomax v. United States*, Fed. Cl. 22-770, ECF No. 1 (July 14, 2022) (Compl.). In her complaint, Ms. Lomax sought: (1) "a declaratory judgment regarding the validity of several documents relating to her criminal record in Florida;" (2) "an injunction against the state of Florida and its officers and agents; and (3) "$20,000,000 in damages plus costs of litigation." *See* Dismissal Order at 1 (citing Compl. at 5). The Court of Federal Claims granted Ms. Lomax's application to proceed *in forma pauperis*. Order, *Lomax v. United States*, Fed. Cl. No. 22-770, ECF No. 7 (July 26, 2022).

After reviewing the complaint, the Court of Federal Claims dismissed the case for lack of jurisdiction. *See generally* Dismissal Order at 1-3. As the Court

explained, "[t]he Court lacks jurisdiction over Ms. Lomax's claim for numerous reasons, most notably because, on its face, the Complaint presents a tort claim against the state of Florida and/or Florida officials." *Id.* at 1. The Court of Federal Claims "lacks jurisdiction over defendants other than the United States." *Id.* at 2 (citing *Lea v. United States*, 592 F. App'x 930 (Fed. Cir. 2014); *Lawton v. United States*, 621 F. App'x 671 (Fed. Cir. 2015)). The court determined Ms. Lomax's complaint did not comply with this jurisdictional rule because, in her complaint, Ms. Lomax listed the defendant as "the state of Florida." Dismissal Order at 1-2 (capitalization altered). Furthermore, the substance of Ms. Lomax's complaint was directed to private parties that allegedly "spread[] false and malicious rumors about [the Plaintiff] that damage her reputation." *Id.* at 2 (citing Compl. at 4). Because the Court of Federal Claims does not possess jurisdiction to entertain claims against states or private parties, the Court dismissed the case for lack of jurisdiction. *Id.* at 1-2.

The court further explained that, even "[t]o the extent Ms. Lomax's claim could be liberally construed as a claim against the United States," the Court "would still lack jurisdiction." Dismissal Order at 2. Ms. Lomax's "defamation claim" qualifies as "an action in tort." *Id.* The jurisdiction of the Court of Federal Claims, however, "is circumscribed by the Tucker Act, 28 U.S.C. § 1491, which precludes

3

jurisdiction over tort claims." *Id.* (citing *Ricks Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008)).

"Additionally, although styled as a defamation claim," the court explained that Ms. Lomax's "claim is a collateral attack on decisions by various state and federal courts." *Id.* Ms. Lomax's complaint in the Court of Federal Claims sought "relief . . . that includes a declaration that [a prior] police report and arrest record are 'invalid, null, and void.'" *Id.* (citing Compl. at 5). But "the truth of the substance of the police report and arrest record . . . was adjudicated by bench trial in Florida state court," in which "Ms. Lomax was convicted on misdemeanor charges stemming from the allegations in the police report and arrest record." *Id.* (citations omitted). "[A] criminal conviction is conclusive proof and operates as collateral estoppel in a subsequent civil action for the facts supporting the conviction." *Id.* (quoting *Emich Motors v. General Motors Corp.*, 340 U.S. 558, 559-60 (1951)). Thus, the court explained that Ms. Lomax's complaint represented "a collateral attack on a state court decision," which the Court of Federal Claims "lacks jurisdiction to entertain." *Id.* at 3 (citing *Mercer v. United States*, 668 F. App'x 362, 363 (Fed. Cir. 2016)).

"Finally, the Court note[d] that various state and federal courts label Ms. Lomax as a vexatious and frivolous litigator," and that the claim Ms. Lomax filed in

4

the Court of Federal Claims "appear[ed] to be either ancillary to or derivative of those [federal and state court] proceedings." *Id.* The Court of Federal Claims listed other courts that had found Ms. Lomax's filings to be frivolous and vexatious, and determined that, in this case, Ms. Lomax's complaint "shows indicia of frivolousness and harassment as it has no arguable basis in law or fact." *Id.* at 3. Accordingly, the Court of Federal Claims dismissed the complaint for lack of jurisdiction and certified that any appeal would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

On August 11, 2022, Ms. Lomax filed a notice of appeal to this Court. Notice, *Lomax v. United States*, Fed. Cl. No. 22-770, ECF No. 11 (Aug. 11, 2022). Several months later, on November 15, 2022, Ms. Lomax filed an amended notice of appeal. Am. Notice, *Lomax v. United States*, Fed. Cl. No. 22-770, ECF No. 12 (Nov. 15, 2022).

Before this Court, Ms. Lomax filed a corrected informal brief on January 9, 2023. App. Br., *Lomax v. United States*, Fed. Cir. No. 22-2138, ECF No. 9 (Jan. 9, 2023). The Court has not yet completed its compliance review for this brief, which is not available on the Court's electronic docketing system. On January 21, 2023, Ms. Lomax filed a motion for entry of default final judgment. Mot., *Lomax v. United States*, Fed. Cir. No. 22-2138, ECF No. 14 (Mar. 21, 2023).

# DISCUSSION

## I.  Legal Standard

Disposition by means of summary affirmance is appropriate when an appeal is patently without merit as a matter of law. As this Court has held, "summary disposition is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also* Fed. Cir. R. 27 practice note (identifying "motions to summarily affirm judgments" as "[e]xamples of nonprocedural motions"). Likewise, the Court has granted summary affirmance when an appeal is "clearly hopeless and unquestionably without any possible basis in fact or law." *Chemical Eng'g Corp. v. Marlo, Inc.*, 754 F.2d 331, 335 (Fed. Cir. 1984); *see also* Fed. R. App. Proc. 2 (permitting suspension of ordinary rules of appellate procedure for purposes of expediting decision).

## II. This Court Should Summarily Affirm The Trial Court's Judgment Because The Appeal Is Plainly Without Merit

The United States Court of Federal Claims is a court of limited jurisdiction. Through enactment of the Tucker Act, which acts as a waiver of sovereign immunity, Congress has placed within the court's jurisdiction "any claim against the United States founded either upon the Constitution, or any act of Congress or

any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Todd v. United States*, 386 F.3d 1091, 1093-94 (Fed. Cir. 2004). To invoke Tucker Act jurisdiction, a plaintiff must "identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

## II. The Court Of Federal Claims Was Plainly Correct To Dismiss Ms. Lomax's Complaint

The Court of Federal Claims provided three independent reasons why the court did not possess jurisdiction to entertain Ms. Lomax's complaint, each of which is plainly correct and should be affirmed.

First, Ms. Lomax's complaint failed to assert any claims against the United States, and instead asserted claims against the state of Florida and private individuals. *See* Compl., *Lomax v. United States*, Fed. Cl. No. 22-770 (July 14, 2022). The United States is the only proper defendant in the Court of Federal Claims. This Court's jurisdiction "is confined to the rendition of money judgments

7

in suits brought for that relief against the United States." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States," not against private entities or individuals. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Specifically, the Tucker Act provides that this Court "shall have jurisdiction to render judgment upon any claim *against the United States* founded upon either the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). Rule 10(a) of the Rules of the Court of Federal Claims (RCFC) likewise requires that the United States be "designated as the party defendant" in any complaint. RCFC 10(a).

As the Court of Federal Claims correctly explained, Ms. Lomax's complaint failed to satisfy this requirement. Ms. Lomax captioned her complaint "as an action against the state of Florida," instead of against the United States. Dismissal Order at 1. The substance of her complaint, moreover, alleges a "tort claim against the state of Florida and/or Florida officials." *Id.* Ms. Lomax further attempts "to pursue a defamation claim against private parties[.]" *Id.* at 2; *see also* Compl. at 1-5. By failing to assert a claim against the United States, Ms. Lomax plainly failed

to establish jurisdiction in the Court of Federal Claims, and the court's order of dismissal should be affirmed on that basis alone.

Second, rather than alleging any money-mandating source of law as required by the Tucker Act, Ms. Lomax asserts a tort claim of defamation. *See* Compl. at 4. "The plain language of the Tucker Act excludes . . . claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). "[I]t is well-established that the Court of Federal Claims does not have jurisdiction over tort claims, which include [plaintiffs'] allegations under the Federal Tort Claims Act." *See Martinez v. United States*, 391 F. App'x 876, 878 (Fed. Cir. 2010). "[U]nder the Federal Tort Claims Act, jurisdiction over tort claims lies exclusively in the United States district courts." *Crane v. United States*, 664 F. App'x 929, 5 (Fed. Cir. 2016). "Ms. Lomax cites the Federal Tort Claims Act as the basis for her defamation claim," and "classifies her defamation claim as sounding in tort." Order at 2. The trial court correctly determined that this provides an additional basis for concluding that Ms. Lomax has failed to establish jurisdiction in the Court of Federal Claims.

Finally, the Court of Federal Claims correctly determined that Ms. Lomax's complaint attempts to collaterally attack matters that are incorporated in a criminal conviction. Order at 2-3. A civil tort action, such as Ms. Lomax's defamation

claim, "is not [an] appropriate vehicle[e] for challenging the validity of outstanding criminal judgments[.]" *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Ms. Lomax's defamation claim challenges the truth of matters discussed in a police report and arrest record associated with her subsequent conviction on misdemeanor charges. *See* Compl. at 5; *see also* Compl. Ex. 11, 27. Because this represents an "attempt[] to collaterally attack [Ms. Lomax's] criminal conviction in state court," the Court of Federal Claims correctly dismissed the case for this reason as well. *See* Dismissal Order at 2.

Because each of these independent bases for dismissal are plainly correct, the Court should summarily affirm the trial court's decision.

## III. The Court Of Federal Claims Certified That Any Appeal Would Not Be In Good Faith, Providing Further Basis For Finding This Appeal To Be Wholly Without Merit

Further, Ms. Lomax filed this appeal *in forma pauperis* despite the trial court's certification pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Dismissal Order at 1, 3. By statute, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Pursuant to this authority, the Court of Federal Claims "certifie[d], pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith." Dismissal Order at 3. The trial

court's certification pursuant to 28 U.S.C. § 1915(a)(3) provides an additional basis for finding Ms. Lomax's appeal to be wholly without merit, supporting summary affirmance. *See Kaetz v. United States*, No. 2022-1812, 2022 WL 14813714, at *1 (Fed. Cir. Oct. 26, 2022) (summarily affirming a case in which the trial court dismissed for lack of jurisdiction and issued a certification pursuant to 28 U.S.C. § 1915(a)(3)).

## <u>CONCLUSION</u>

Because Ms. Lomax's claims plainly exceeded the trial court's jurisdiction, we respectfully request that the Court summarily affirm the trial court's judgment of dismissal.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/Elizabeth M. Hosford
ELIZABETH M. HOSFORD
Assistant Director

/s/Emma E. Bond
EMMA E. BOND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 305-2034
emma.e.bond@usdoj.gov

March 30, 2023                    Attorneys for Defendant-Appellant

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). This motion is printed in Times New Roman 14-point font, and it contains 2,278 words, excluding the items listed in the Federal Rules of Appellate Procedure 27(a)(2)(B).

/s/ Emma E. Bond
Emma E. Bond
*Counsel for Defendant-Appellee*
