# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

MATTIE TWYNETTE LOMAX, SR.,
Plaintiff-Appellant

v.

UNITED STATES,
Defendant-Appellee

2022-2138

Appeal from the United States Court of Federal Claims in
No. 22-770, Judge David A. Tapp.

**PLAINTIFFS-APPELLANTS' RESPONSE IN OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

Pursuant to Rules 27 (a) (3) of the Federal Rules of Appellant Procedure and the Federal Circuit Rules, Plaintiff-Appellant, Mattie Twynette Lomax, respectfully requests that the Court grant summary judgment according to Rule 56 summary judgment and to affirm according to the decision of the United States Courts of Appeals for the Eleventh Circuit, case number 11-15167 on July 17, 2012 and the United States District Court Southern District of Florida, case no. 11-23720 on January 27,

2020 in which order to affirmed in part, vacated and remanded in part and remanding case to the lower court and the black America was denied by Miami-Dade Court due to discrimination and defamation. The criminal case of malicious prosecution and tort was brought on by four Miami Police officers a Judge and state attorney in which was made up by the Cuban Officers in which was no investigation or ambulance brought to the scene of the police report. Officer Avian arrived to the scene the other two officer left the scene with out evidence and wrote a bogus police report against Lomax in which their Sergeant was arrested for drugs in the community of Over-Town in which the whole community population are Haitians, Haitians-Americans, Bahamas, Bahamas Americans and Miamians, this location is this location is where a lot of the police officers do their drug dealing because they know the people in the community do not have a voice.

## BACKGROUND

On July 14, 2022, Lomax filed a complaint in the Court of Federal Claims. *Lomax v. United* States Fed. C1.22-770 in which was filed in the wrong court due to lack of jurisdiction. In this case the Judge related to other cases that are irrelevant to this case because each case has it own allegations and should not relate to this case.

**Elements of a Defamation Lawsuit**:

State defamation laws vary, but some accepted standards exist no matter where you are or who you are suing. Generally, to win a defamation lawsuit, you must prove that: Someone made a statement; the statement was published. Within the general consideration of procedure on motions is the problem of the power of a single circuit judge. Certain powers are granted to a single judge of a court of appeals by statute. Thus, under 28 U.S.C. §2101(f) a single judge may stay execution and enforcement of a judgment to enable a party aggrieved to obtain certiorari; under 28 U.S.C. §2251 a judge before whom a habeas corpus proceeding involving a person detained by state authority is pending may stay any proceeding against the person; under 28 U.S.C. §2253 a single judge may issue a certificate of probable cause. In addition, certain of these rules expressly grant power to a single judge. (See Rules 8, 9 and 18).

## **DISCUSSION**

I.  This is a federal question case with state causes of action included under supplemental jurisdiction. The parties agree under Federal law applies to the state causes of action. Local Rule 27.0(c) provides that summary disposition of an appeal may be appropriate if it shall clearly appear that no substantial question is presented. Loc. R. 27.0(c). Badillo's untimely motion for intervention had no viable legal basis, and this appeal accordingly

presents no substantial question for review. Summary disposition is therefore proper. See Warner v. McLaughlin, No. 17-1791, 2017 WL 7731243, at (1st Cir. Nov. 1, 2017), cert. denied, 139 S. Ct. 91 (2018). Requiring consideration of whether intervention would unduly delay or prejudice the adjudication of the original party's rights.

## II. Legal Standard

Rule 12(b)(6) A court may not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claims which would entitle to relief. *Barnett v. Centoni*, 31 F.3d 813, 813 (9th Cir. 1994) (citing *Buckley v. Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992); *see Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). The federal rules require only a short and plain statement of the claim showing that the pleader is entitled to relief. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed. R. Civ. P. Fed. R. Civ.P. 8(a).

Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them.

4

*McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (citing *Conley,* 355 U.S. at 47; 5 C. Wright A. Miller). Federal Practice Procedure § 1202 (2d ed. 1990). It may appear on the face of the pleadings that a recovery is very remote and unlikely that is not the test. *Gilligan,* 108 F.3d at 249 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974). The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support her claims. Finally, it is well established that pro se complaints, however in artfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) *see Ortiz v. Wash. County*, 88 F.3d 804, 807 (9th Cir. 1996) (Because Ortez is a pro se litigant, we must construe liberally her in artful pleading. In civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt, *see Morrispn v. Hall*, 261 F.3d 896, 899 n. 2 (9th Cir. 2001) (citing *Karim-Panahi*, 839 F.2d at 623; Haines v. Kerner, 404 U.S. 519, 520 (1972); Frost v. Symington, 197 F.3d 348, 352 (9th Cir. 1999). This standard, often cited in Rule 12(b)(6) motions is equally Rule (b)(1) motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in the dispute. This standard, often cited in Rule 12(b)(6) motions is equally applicable in Rule (b)(1) motions

challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). If a district court cannot determine jurisdiction on the basis of a threshold inquiry analogous to a 12(b)(6) motion, the court may assume jurisdiction and go on to determine the relevant jurisdictional facts on either a motion going to the merits or at trial. Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a speaking motion' attacking the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co. v. Gen. Tel. Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). The defense of lack of subject matter jurisdiction may be raised at any time by the parties. Fed.R.Civ.P. 12(h)(3).

### III.     Rule 12(b)(1)

The party asserting jurisdiction has the burden of proving all jurisdictional facts. *See Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); See Kekkonen v. Guardian Life Ins. Co. of Am., 114 S.Ct. 1673, 1675 (1994); Fenton v. Freedman, 748 F.2d 1358, 1359, n. 1* (9th Cir. 1994); *see also William W. Schwarzer et al.,* Federal Civil Procedure Before Trial § 9:77, at 9-17 (2002). In effect, the court presumes

lack of jurisdiction until the plaintiff proves otherwise. *See Kokkonen, 114 S.Ct. at 1675; Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225* (9th Cir. 1989). The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the court. See Fed.R.Civ.P. 12(h)(3). A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a `speaking motions' attacking the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co. v. Gen. Tel. Elecs.,* 594 F.2d 730, 733 (9th Cir. 1979); see Federal Civil Procedure before Trial § 9:78, at 9-18.

**IV.** However, the court must hold an evidentiary hearing before resolving issues of credibility or genuinely disputed material facts. Federal Civil Procedure before Trial § 9:85.1, at 9-21. If the court resolves a Rule 12(b)(1) motion on declarations alone without an evidentiary hearing, it must accept the factual allegations of the complaint as true. *See McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001); *Greene,* 2000 WL 1307309. In the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject matter [jurisdiction] are viewed in the light most favorable to the opposing party.) (*citing Dreir v. United States, 106 F.3d 844, 847 (9th Cir. 1997)*. Similarly, without an evidentiary hearing, genuinely disputed facts related to subject matter jurisdiction should be

treated in the same way as one would adjudicate a summary judgment motion. *Green, 2000 WL 1307309, at (citing Dreier, 106 F.3d at 847).*

## ANALYSIS

**V.** Because the outcome of the Court's decision on the Defendants' Motions is a federal question under § 1983 claim impacts the Court's resolution of Plaintiff's remaining state law claims, the Court first turns to this issue.

**1. Federal Question under § 1983 Claim/**

Plaintiff's Complaint alleges a § 1983 action against: (1) the State of Florida; (2) the State Defendants, both individually and in their official capacities. Defendant's motion do not survives the Motion to Dismiss. The Court notes that federal courts should avoid reaching the merits of a constitutional issue when the case may be decided on other grounds. However, in this case, the Court turns first to the constitutional issue of sovereign immunity because it presents a controlling jurisdictional question that antecedes State Defendants' other arguments for dismissal. *See In re: Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) (stating that courts must resolved Eleventh Amendment jurisdictional issues prior to reaching the merits); *Bellsouth Telecommunications, Inc., v. North Carolina Utils. Comm'n*, 240 F.3d 270, 275-76 (4th Cir. 2001); *Fent v. Oklahoma Water*

*Resources Bd.*, 235 F.3d 553, 557-59 (10th Cir. 2000); *United States v. Texas Tech Univ.*, 171 F.3d 279, 285-94 (5th Cir. 1999). But *see Calderon v. Ashmus*, 523 U.S. 740, 745 n. 2 (1998) (implying that Eleventh Amendment matters are excluded from Article III issues that must be addressed before the merits).

**ARGUMENT**

**VI.** A party seeking summary disposition bears the heavy burden of establishing that the merits of his or her case are so clear that expedited action is justified before summarily affirming a district court's ruling, (See Exhibit-A) this court must conclude that no benefit will be gained from further briefing and argument of the issues presented regarding wrongful conviction that was made up by four Cuban Miami Police officers and then the State attorney preceded with out evidence and the Judge in the case, stating that we have decided that we are not going to have a jury trial and showed discrimination against the black American. The retaliation of reporting the Miami Police Department to the FBI in which the majority of the Miami Police officers are Cubans and do not like black American. The appellant's right to proceed is so clear of the merits of the case must be given the fullest consideration necessary to a just determination. Sills v. Bureau of Prisons, 761 F.2d 792, 793-94 (D.C. Cir. 1985).

**VII.** Here, the United States-Defendant-Appellee has plainly failed to meet its heavy burden of demonstrating that summary affirmance is so clear as to be warranted. Although the United States-Defendant-Appellee in this case has not acknowledged that Lomax was injured by four Miami Police officers acting under color of law but use their position to violate her in a wrongful conviction that has been on her public record for years.

**VIII.** The Eleventh Amendment was the first Constitutional amendment adopted after the Bill of Rights. The amendment was adopted following the Supreme Court's ruling in *Chisholm v. Georgia, 2 U.S. 419,, (1793)*. In Chisholm, the Court ruled that federal courts had the authority to hear cases in law and equity brought by private citizens against states and that states did not enjoy sovereign immunity from suits made by citizens of other states in federal court. Thus, the amendment clarified Article III, Section 2 of the Constitution, which gives diversity jurisdiction to the judiciary to hear cases between a state and citizens of another state. The amendment's text does not mention suits brought against a state by its own citizens. However, in *Hans v. Louisiana, 134 U.S. 1 (1890)*, the Supreme Court ruled that the amendment reflects a broader principle of sovereign immunity. As Justice Anthony Kennedy later stated in Alden v. Maine, 527 U.S. 706 (1999).

## **CONCLUSION**

The Defendant-Appellee's motion for summary affirmance should be denied. If this Court finds that Appellant, Mattie T. Lomax supports summary Judgment be here, appellant's request that her appeal be stayed and order summary Judgment be granted.

Respectfully submitted,

*[signature]*

Mattie Lomax, Pro Se
P.O. Box 21986
Chicago, IL 60621
773-412-9187
akalomax@gmail.com

April 5, 2023

## **CERTIFICATE OF COMPLANCE**

I hereby certify that this motion complies with the type-volume limitation of Federal Rue of Appellate Procedure 27 (d) (2) (a). This motion is printed In Times New Roman 14-point font, and it contains 2, 309 words, excluding the items listed in the Federal Rules of Appellate Procedure 27(a) (2) (B).

/s/ Mattie Twynette Lomax
Mattie Twynette Lomax

Take notice of orders attached.

Cc: To Emma E. Bond by email/ Emma.E.Bond@usdoj.gov

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 11-15167
Non-Argument Calendar

D.C. Docket No. 1:11-cv-23720-JAL

MATTIE LOMAX,

                                          Plaintiff-Appellant,

versus

THE STATE OF FLORIDA,

                                          Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(July 17, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:


PLAINTIFF'S EXHIBIT A

Mattie Lomax, proceeding pro se, appeals the district court's dismissal of her notice of removal of her criminal case and her attempt to initiate a § 1983 claim. Lomax asserts that the district court erred in finding that her claim, which she contends to have filed in Florida state court, was frivolous and intended to harass the arresting officers associated with a state battery proceeding against her.

In her notice of removal, Lomax contended that 28 U.S.C. § 1443(1) gave her grounds for removal to federal court. Section 1443(1) allows for removal of "criminal prosecutions, commenced in a State court . . . [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). To qualify under § 1443(1), Lomax "must show both that the right upon which [she] rel[ies] is a right under any law providing for equal civil rights, and that [she is] denied or cannot enforce that right in the courts of" Florida. Georgia v. Rachel, 384 U.S. 780, 788, 86 S. Ct. 1783, 1788 (1966) (alteration and quotations omitted). It is clear that Lomax's notice of removal failed to explain how she meets this standard, especially the requirement that she be denied or unable to enforce her rights in state court. Accordingly, there was no basis for Lomax to remove her criminal case to federal court. In any action removed from state court, "[i]f at any

2

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). Thus, to the extent that Lomax removed her state criminal proceeding to district court, the district court should have remanded that portion of her case to state court, rather than dismissing it. Id.

The district court construed Lomax's notice of removal as also trying to institute a § 1983 claim. The district court dismissed that claim as frivolous and harassing under 28 U.S.C. § 1915(e)(2)(B). We discern no abuse of discretion in that decision. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**[1]

---

[1] Lomax's request for oral argument is DENIED.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23720-CIV/LENARD

**MATTIE LOMAX,**

    Plaintiff,

**v.**

**THE STATE OF FLORIDA,**

    Defendant.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court on Plaintiff Mattie Lomax's Emergency Notice of Removal, ("Notice," D.E. 21), and Exhibits attached thereto, (D.E. 22, 22-1), filed January 21, 2020.

Lomax previously filed a Notice of Removal on October 13, 2011 purporting to remove, pursuant to 28 U.S.C. § 1443, a criminal case the State of Florida was prosecuting against her in state court. (D.E. 1.) On October 17, 2011, the Court entered an Order dismissing the Notice of Removal, finding that this case

> is nearly identical to the action in Case No. 09-21401-CIV-ALTONAGA and to the action in Case No. 09-21848-CIV-MORENO. The Court is convinced that Plaintiff's current claim has no arguable basis in law or in fact and that Plaintiff's repeated re-filing of the same claim is an act designed to harass her adversaries. Therefore this Notice of Removal must be dismissed as frivolous.

(D.E. 4 at 2.) Lomax appealed the Court's dismissal, and on August 16, 2012, the Eleventh Circuit issued an opinion affirming in part and vacating in remanding in part. (See



Mandate, D.E. 13.) Relevant here, the Eleventh Circuit found that "there was no basis for Lomax to remove her criminal case to federal court." (Id. at 2.) However, the Eleventh Circuit further found that this Court should have remanded the case pursuant to 28 U.S.C. § 1447(c), rather than dismiss it. (Id. at 2-3.) Accordingly, it vacated that part of the Court's order that dismissed the Notice of Removal and remanded the case to this Court. (Id. at 3.) On August 16, 2012, upon remand from the Eleventh Circuit Court of Appeals, this Court issued an Order Remanding the Case to state court. (D.E. 14.)

On January 21, 2020—more than seven years after remanding the case to state court—Lomax filed the instant "Emergency Notice of Removal." (D.E. 21.) Upon reviewing the Notice and the supporting Exhibits, the Court can discern no basis for this Court's jurisdiction under 28 U.S.C. § 1443. As the Eleventh Circuit explained,

> Section 1443(1) allows for removal of "criminal prosecutions, commenced in a State court . . . [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). To qualify under § 1443(1), Lomax "must show both that the right upon which [she] rel[ies] is a right under any law providing for equal civil rights, and that [she is] denied or cannot enforce that right in the courts of" Florida.

(Mandate at 2 (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966)).) As with her prior Notice of Removal, the instant Emergency Notice of Removal fails to explain how she meets this standard. Consequently, the Court finds that there is no basis for Lomax to remove her criminal case to federal court, and the Court must remand the case to state court pursuant to 28 U.S.C. § 1447(c).

2

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County Florida. The Clerk is directed to take all necessary steps and procedures to effect remand of the above-captioned action.

**DONE AND ORDERED** in Chambers at Miami, Florida this 27th day of January, 2020.

                                           *[signature]*
                                           **JOAN A. LENARD**
                                           **UNITED STATES DISTRICT JUDGE**