# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

MATTIE TWYNETTE LOMAX, SR.,
Plaintiff-Appellant

v.

UNITED STATES,
Defendant-Appellee

2022-2138

Appeal from the United States Court of Federal Claims in
No. 22-770, Judge David A. Tapp.

## DEFENDANT-APPELLEE'S REPLY IN SUPPORT OF
## MOTION FOR SUMMARY AFFIRMANCE

Defendant-appellee, the United States, respectfully requests that the Court summarily affirm the July 2022 decision of the Court of Federal Claims, dismissing the complaint filed by Mattie Lomax, Sr., for lack of jurisdiction. Ms. Lomax's response to our motion confirms that summary affirmance is appropriate.

## **DISCUSSION**

As discussed in further detail below, Ms. Lomax's response confirms that the Court of Federal Claims was correct in dismissing her case for lack of jurisdiction. Ms. Lomax's response confirms that (1) she does not pursue any

relief against the United States, the only proper defendant in the Court of Federal Claims; (2) she does not allege any money-mandating source of law and instead asserts a tort claim of defamation, and (3) she attempts to collaterally attack state criminal proceedings that are incorporated in a criminal conviction. Each of these jurisdictional defects independently supports the dismissal for lack of jurisdiction.

Additionally, Ms. Lomax now raises a discrimination claim pursuant to 42 U.S.C. § 1983, a claim not raised in her complaint below, and, in any event, another cause of action over which the Court of Federal Claims plainly lacks jurisdiction.

Finally, Ms. Lomax filed this appeal *in forma pauperis* despite the trial court's certification pursuant to 28 U.S.C. § 1915(a)(3) that no appeal would be taken in good faith. Our motion demonstrates that this certification supports the summary disposition of this appeal, and Ms. Lomax has not rebutted this showing.

I. Ms. Lomax Fails To Allege Any Claims Against The United States, The Only Proper Defendant In The Court Of Federal Claims

Our motion demonstrates that the trial court was plainly correct in dismissing Ms. Lomax's complaint on the basis that she failed to allege any claims against the United States, the only proper defendant in the Court of Federal Claims. Mot. at 7-9. Ms. Lomax does not directly respond to this point, but her response confirms that she makes no claims against the United States. *See, e.g.*, Resp. at 2,

8-10. For example, Ms. Lomax argues wrongdoing by "four Miami Police officers[,] a Judge[,] and a state attorney." Resp. at 2. She claims that she was "injured by four Miami Police officers acting under color of law," who "use[d] their position" to impose "a wrongful conviction that has been on her public record for years." Resp. at 10. Ms. Lomax characterizes her complaint as being "against: (1) the State of Florida; (2) the State Defendants, both individually and in their official capacities." Resp. at 8. As the Court of Federal Claims explained, it "lacks jurisdiction over defendants other than the United States." Order at 2, *Lomax v. United States*, 22-cv-770-DAT, ECF No. 8 (July 26, 2022) (Dismissal Order) (citing *Lea v. United States*, 592 F. App'x 930 (Fed. Cir. 2014)). Ms. Lomax's response confirms that the court correctly dismissed the complaint on this basis.

Ms. Lomax nonetheless asserts that "the court must hold an evidentiary hearing before resolving issues of credibility or genuinely disputed material facts." Resp. at 7. The trial court's dismissal, however, did not resolve any genuinely disputed facts. Instead, the Court of Federal Claims correctly concluded that the complaint was facially insufficient and did not allege any claims against the United States. Dismissal Order at 1-2. Because Ms. Lomax plainly failed to assert a

claim against the United States, the Court should summarily affirm the trial court's dismissal for lack of jurisdiction.

II. **Ms. Lomax Seeks Relief For The Tort Of Defamation, When The Court Of Federal Claims Does Not Possess Jurisdiction To Entertain Tort Claims**

Our motion further demonstrates that the trial court correctly dismissed Ms. Lomax's complaint because she alleged the tort of defamation, and the Court of Federal Claims does not possess jurisdiction to entertain "claims sounding in tort." Mot. at 9 (citing *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008)); *see also* 28 U.S.C. § 1491(a) (excluding cases "sounding in tort" from the jurisdiction of the Court of Federal Claims). Ms. Lomax does not directly respond to this jurisdictional defect. Instead, her response reiterates her concern about "a bogus police report" against her, Resp. at 2, and references the elements of a defamation lawsuit, *id.* at 2-3. The Court of Federal Claims correctly dismissed Ms. Lomax's tort claim asserting defamation under the Federal Tort Claims Act. *See* Dismissal Order at 2.

III. **Ms. Lomax Seeks To Collaterally Attack State Proceedings Incorporated In Her Criminal Conviction**

Third, our motion demonstrates that the Court of Federal Claims was correct in dismissing Ms. Lomax's complaint for the additional reason that it challenged the truthfulness of a police report and arrest record that resulted in a criminal

4

conviction. Mot. at 9-10. Ms. Lomax's complaint thus represents "a collateral attack on a state court decision" that the Court of Federal Claims "lacks jurisdiction to entertain." Dismissal Order at 1-2. In her response, Ms. Lomax challenges her "wrongful conviction," Resp. at 10, and relies on statutes relating to habeas corpus, *see id.* at 3 (citing 28 U.S.C. §§ 2251, 2253) (citing statutes relating to stays of state court proceedings and appeals in habeas cases). Ms. Lomax's response thus supports the trial court's determination that the thrust of her complaint is a collateral attack against the underlying state criminal conviction. The Court of Federal Claims does not possess jurisdiction to entertain petitions for a writ of habeas corpus. "[T]he habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus[.]" *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002). Nor does the Court possess jurisdiction to entertain collateral attacks against state court judgments. Dismissal Order at 3 (citing, e.g., *Mercer v. United States*, 668 F. App'x 362, 363 (Fed. Cir. 2016)). The trial court correctly dismissed Ms. Lomax's complaint on this basis as well.

IV. **Ms. Lomax Raises New Claims Regarding Discrimination Pursuant To 42 U.S.C. § 1983, Which Are Plainly Outside The Jurisdiction Of The Court Of Federal Claims**

Rather than addressing the jurisdiction defects identified by the Court of Federal Claims, Ms. Lomax argues that her case arises under 42 U.S.C. § 1983. Resp. at 8. However, the Court need not reach this argument because Ms. Lomax's complaint does not assert any claims pursuant to section 1983. *See generally* Compl., *Lomax v. United States*, ECF No. 1 (July 14, 2022). In any event, the Court of Federal Claims does not possess jurisdiction to entertain civil rights claims pursuant to 42 U.S.C. § 1983. Claims alleging violations of 42 U.S.C. § 1983 must be heard in federal district courts. *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005). "[O]nly federal district courts possess jurisdiction to entertain claims alleging civil rights violations." *Weir v. United States*, 141 Fed. Cl. 169, 177 (2018) (citing 28 U.S.C. § 1343(a)(4)).

Ms. Lomax also cites various other legal standards that are irrelevant to this case. For example, she references Rule 12(b)(6), a rule of procedure applicable in trial courts for failure to state a claim for relief. Resp. at 4-5. This rule is not applicable in this appeal, in which the Court is determining whether to summarily affirm the trial court's dismissal for lack of jurisdiction pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims (RCFC). *See* Dismissal Order at 1

(quoting RCFC 12(h)(3)) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also* Resp. at 7 (citing Fed. R. Civ. P. 12(h)(3)). Ms. Lomax also relies on the statute detailing the time to appeal or petition for certiorari to the U.S. Supreme Court, Resp. at 3 (citing 28 U.S.C. § 2101) and the Eleventh Amendment, Resp. at 10, neither of which supports the exercise of specialized jurisdiction in the Court of Federal Claims.

V. Ms. Lomax Filed This Appeal *In Forma Pauperis* Despite The Trial Court's Certification That No Appeal Would Be In Good Faith

Finally, Ms. Lomax filed this appeal *in forma pauperis* despite the trial court's certification pursuant to 28 U.S.C. § 1915(a)(3) that no appeal would be taken in good faith. *See* Dismissal Order at 3. This certification provides an additional basis for finding that Ms. Lomax's appeal is without merit and appropriately resolved through summary affirmance. Mot. at 10-11 (citing *Kaetz v. United States*, No. 2022-1812, 2022 WL 14813714, at *1 (Fed. Cir. Oct. 26, 2022)).

In response, Ms. Lomax opposes summary affirmance on the ground that her "right to proceed is . . . clear" and that "the merits of the case must be given the fullest consideration necessary to a just determination." Resp. at 9 (citing *Sills v. Bureau of Prisons*, 761 F.2d 792, 793-94 (D.C. Cir. 1985)). As discussed above, however, Ms. Lomax has not demonstrated any right to proceed in the Court of

7

Federal Claims. The case cited by Ms. Lomax, *Sills v. Bureau of Prisons*, does not support her claim. *See Sills*, 761 F.2d at 794 (reversing district court's one-line order dismissing a prisoner's constitutional claim case as frivolous). The plaintiff in *Sills* adequately invoked the trial court's jurisdiction by indicating "facts in support of its conclusions" and naming a defendant that was "amenable to suit." 761 F.2d at 794. Here, by contrast, Ms. Lomax fails to assert claims against the only proper defendant, the United States, and has otherwise failed to make any allegations of fact or law that would support jurisdiction in the Court of Federal Claims.

Ms. Lomax is correct that filings by *pro se* litigants "are held to less stringent standards than formal pleadings drafted by lawyers." Resp. at 5 (citations omitted). However, "[t]he fact that [Ms. Lomax] acted pro se in the drafting of [her] complaint may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## **CONCLUSION**

Because the trial court's dismissal is plainly correct, and because Ms. Lomax filed an appeal *in forma pauperis* without regard to the court's certification pursuant to 28 U.S.C. § 1915(a)(3), we respectfully request that the Court summarily affirm the trial court's dismissal.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/Elizabeth M. Hosford
ELIZABETH M. HOSFORD
Assistant Director

/s/Emma E. Bond
EMMA E. BOND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 305-2034
emma.e.bond@usdoj.gov

April 10, 2023　　　　　　　　　　Attorneys for Defendant-Appellant

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). This motion is printed in Times New Roman 14-point font, and it contains 1,702 words, excluding the items listed in the Federal Rules of Appellate Procedure 27(a)(2)(B).

/s/ Emma E. Bond
Emma E. Bond
*Counsel for Defendant-Appellee*
