NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MATTIE T. LOMAX**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2022-2138

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00770-DAT, Judge David A. Tapp.

---

**ON MOTION**

---

PER CURIAM.

**ORDER**

Mattie T. Lomax appeals from the judgment of the United States Court of Federal Claims dismissing her complaint for lack of jurisdiction. Before the court are Ms. Lomax's opposed motion for entry of default judgment and the government's opposed motion for summary affirmance. We grant the government's motion and affirm.

Ms. Lomax filed the underlying complaint at the Court of Federal Claims naming the State of Florida as the defendant. Her complaint sought a declaration that certain documents relating to her criminal record in Florida were invalid; an injunction against the state of Florida and its officers and agents; and $20,000,000 in damages plus litigation costs. The Court of Federal Claims dismissed for lack of jurisdiction and certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be in good faith.

Summary affirmance is appropriate here because the merits of the parties' positions are so clear "that no substantial question regarding the outcome of the appeal exists," *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Court of Federal Claims is a federal court of limited jurisdiction. 28 U.S.C. § 1491. Relevant here, it may only review monetary claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that the Court of Federal Claims' "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States"). Thus, the Court of Federal Claims was clearly correct in holding that it lacked jurisdiction over this case.

We have considered Ms. Lomax's arguments in her informal opening brief and her response to the motion for summary affirmance and do not find them persuasive. The Court of Federal Claims clearly lacks jurisdiction over claims for damages under § 1983. *Shelden v. United States*, 742 F. App'x 496, 501–02 (Fed. Cir. 2018); *cf. Cannon v. Univ. of Chi.*, 441 U.S. 677, 701 n.27 (1979) ("[Section] 1983 is assuredly not available for suits against the United States[.]"). The Court of Federal Claims was clearly correct that it lacked jurisdiction over Ms. Lomax's collateral attacks on decisions of state and federal courts with respect to criminal matters, *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (collecting cases), or to review decisions by district courts or courts of appeals generally, *see Boise Cascade Corp. v. United States*, 296 F.3d

1339, 1344 (Fed. Cir. 2002). The court was likewise clearly correct that it lacked jurisdiction over claims concerning defamation, discrimination, and infliction of emotional stress that sound in tort. *See Jentoft v. United States*, 450 F.3d 1342, 1349–50 (Fed. Cir. 2006). Finally, neither the Eleventh Amendment nor 18 U.S.C. § 242, cited in Ms. Lomax's papers, is a source of law that can be fairly interpreted as creating a right to money damages against the United States that would give the court jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1).

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted. The Court of Federal Claims' judgment is summarily affirmed.

(2) The motion for default judgment is denied.

(3) Each side shall bear its own costs.

FOR THE COURT

May 17, 2023
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court